UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMIRO PIMENTEL-GARCIA,<br><br>Defendant. | Case No. 4:07-cr-00088-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Ramiro Pimentel-Garcia's motion pursuant to § 3582(c)(1)(A)(i) for compassionate release. (Dkt. 440.) The government opposes the motion. (Dkt. 443.) For the reasons discussed below, the Court denies the motion.

## BACKGROUND

On February 21, 2008, Pimentel-Garcia was found guilty after a jury trial of conspiracy to possess/distribute a controlled substance; multiple counts of possession with intent to distribute methamphetamine; and use of a communication facility. The Presentence Investigation Report noted that the conspiracy began on or before July 28, 2004, and continued through April 4, 2007, and that Pimentel-

Garcia was one of two key members of a multi-member organization that was involved in the distribution of methamphetamine. This organization was transporting multi-pound quantities of methamphetamine—between 10 and 15 pounds every one or two weeks—from California to Idaho for distribution in eastern Idaho, Montana, and Wyoming.

On June 5, 2008, the Court sentenced Pimentel-Garcia to 300 months of incarceration. (Dkts. 287, 288.) Pimentel-Garcia's sentence was subsequently reduced to 262 months following a change in the U.S.S.G. drug guidelines. (Dkt. 435.) Pimentel-Garcia is currently incarcerated at FCI Butner Low and his projected release date is November 9, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed Jan. 6, 2021).

Pimentel-Garcia is 67 years old. He contends that he suffers from the following medical conditions: constipation. Lumbago, anemia, bladder neck obstruction, hypertension, sciatica, esophageal reflux, structure or kinking of ureter, urethral stricture, nerve pain, neuralgia neuritis, radiculitis, neck pain, cervicalgia, allergic rhinitis, hyperlipidemia, and a history of prostate/colon cancer. (Dkt. 440.) Pimentel-Garcia's medical records generally support his contention.[1]

---

[1] The Court did not locate any indication in the provided medical records regarding the
(Continued)

(Dkt. 440 at 7.)

Pimentel-Garcia also represents in his reply brief that he was infected with COVID-19 in June 2020, that this infection required his hospitalization, and that this infection has left him in severe pain requiring additional pain management medication. (Dkt. 444.) Although he has not provided medical records supporting these contentions, the Court will assume, for purposes of his motion, that his representations are true and would be supported by his medical records.

## LEGAL STANDARD

Pimentel-Garcia seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id*. Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.;

---

contention that Pimental-Garcia has a history of prostate/colon cancer. (*See* Dkt. 440 at 7.) Assuming that he does have such a history, that history is insufficient, on its own or combined with his other conditions and the COVID-19 pandemic, to establish extraordinary and compelling reasons justifying compassionate release.

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Pimentel-Garcia has submitted information indicating that he has exhausted his administrative remedies (Dkt. 440), and the Government's opposition confirms that he has done so (Dkt. 443.) More than thirty days have passed since the denial of Pimentel-Garcia's appeal from the Warden's denial of compassionate release. Thus, Pimentel-Garcia's motion is ripe for the Court's review.

The Court finds that the § 3553(a) factors do not support a sentence reduction. As set forth above, Pimentel-Garcia was one of two key actors in a conspiracy that trafficked significant quantities of methamphetamine in eastern Idaho, Montana, and Wyoming. In sentencing Pimentel-Garcia to 300 months of incarceration, which was later reduced due to a change in the U.S.S.G. drug guidelines, the Court recognized the seriousness of his offense conduct. The Court finds that the seriousness of his conduct shows that he continues to pose a risk of danger to the community.

Pimentel-Garcia contends that he should be released under the First Step Act

in light of his years in prison, age, illnesses, and other debilitating conditions.

While the Court considers post-sentencing developments as they relate to the § 3553(a) factors, Pimentel's age, illnesses, and years in prison[2] do not outweigh the need for the sentence imposed. Further, the Court cannot find that he does not pose a danger to society if released.

As to COVID-19, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Although an inmate who presents one or more risk factors, as confirmed by medical records, that places the inmate at higher risk if infected by COVID-19, and who may not recover from that condition, may rise to the level of "extraordinary and compelling reasons" for release, Pimentel-Garcia has not made that showing here.

Pimentel-Garcia has hypertension, as confirmed by his medical records. This condition is being managed by his primary care provider team and is considered to be stable. (*See* Dkt. 440 at 7-8.) Further, hypertension is not among the conditions

---

[2] Pimentel-Garcia has served more than 50% of his sentence. However, more than five years remain before his estimated release date.

that are known to put an individual at increased risk if infected by COVID-19. Rather, the CDC has listed hypertension as a condition that *might* put an individual at increased risk.[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Pimentel-Garcia also represents that he was infected with COVID-19 in June 2020, that he was hospitalized as a result of that infection, and that he now suffers from additional pain requiring increased pain medication and the use a walker or cane in order to walk. He has not, however, provided information indicating that this puts him at an increased risk if reinfected with COVID-19, and the CDC guidance does not support such a finding. The CDC states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Jan. 14, 2021). The CDC also states that, "[a]lthough current understanding of reinfection remains limited, CDC is working with its partners to characterize the clinical features, transmissibility, and immunological profile around reinfection with [COVID-19]. Therefore, the guidance remains the same to reinfections as to

---

[3] According to the CDC, an individual with hypertension "**might be at an increased risk** for severe illness from the virus that causes COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 14, 2021) (emphasis in original).

**MEMORANDUM DECISION AND ORDER - 6**

primary infection with [COVID-19]." https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last accessed Jan. 14, 2021). Thus, the CDC guidance does not indicate that Pimentel-Garcia is at greater risk as a result of his apparent prior infection with COVID-19.

The Court also notes that, as of January 14, 2021, FCI Butner Low housed approximately 725 inmates,[4] and had 0 inmates and 4 staff with active COVID-19 infections.[5] And, the United States is actively distributing multiple COVID-19 vaccines.

Finally, the Court finds that even if Pimentel-Garcia's medical conditions coupled with COVID-19 constituted extraordinary and compelling reasons for his release, this does not outweigh the § 3553(a) factors. Accordingly, the Court will deny the motion for reduction of sentence.

## ORDER

**IT IS ORDERED that** Ramiro Pimentel-Garcia's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 440) is **DENIED**.

---

[4] *See* https://www.bop.gov/locations/institutions/buf/ (last accessed Jan. 14, 2021).

[5] *See* https://www.bop.gov/coronavirus/ (last accessed Jan. 14, 2021).

DATED: January 15, 2021

B. Lynn Winmill
U.S. District Court Judge